UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TYRELL BURKS, | Case No. C10-1338-RAJ-JPD |
| Plaintiff, | REPORT AND RECOMMENDATION |
| v. | |
| ROBERT ZARATE, | |
| Defendant. | |

Plaintiff Tyrell Burks, proceeding *pro se* and *in forma pauperis*, brings a 42 U.S.C. § 1983 civil-rights complaint in which he alleges that defendant, Department of Corrections Hearing Officer Robert Zarate, violated the due-process right to a fair sentencing-alternative revocation hearing by making particular statements and failing to consider the evidence. (Dkt 8, at 3.) The Court recommends GRANTING defendant's motion to dismiss for failure to state a claim upon which relief may be granted (Dkt. 14) and DISMISSING this matter without prejudice because Mr. Burks's § 1983 action calls into question the lawfulness of his current confinement and may not, under *Heck v. Humphrey*, 512 U.S. 477 (1994), proceed unless and until his confinement is first held invalid. This dismissal constitutes a strike for the purposes of 28 U.S.C. § 1915(g). The Court has considered Mr. Burks's "Motion to Strike Dismissal of Defendant's Coun[sel]" (Dkt. 16) to be a response to defendant's motion to dismiss and,

REPORT AND RECOMMENDATION
PAGE - 1

because it is incomprehensible and unsupported as an independent motion, instructs the Clerk to remove it from the motions calendar.

## BACKGROUND

Mr. Burks is currently a state prisoner whose Drug Offense Sentencing Alternative ("DOSA") was revoked in a hearing conducted by defendant in February 2010. Mr. Burks alleges that defendant violated his due-process right to a fair hearing by (1) declining to consider evidence that Mr. Burks was authorized to use medical marijuana, and (2) stating that "all you prisoners are liars, we are trained to ignore what you say." (Dkt. 8, at 3.) He seeks reversal of the hearing findings, reinstatement of his DOSA, and $697,000 in damages. (*Id.* at 4.)

## DISCUSSION

Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6) because Mr. Burks's § 1983 action necessarily calls into the question of his current confinement and, because the revocation of his DOSA has yet to be overturned, this action is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), from proceeding. Defendant is correct.

In *Heck v. Humphrey*, the United States Supreme Court held that a § 1983 claim that calls into question the lawfulness of a plaintiff's conviction or confinement does not accrue "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id.* at 489. In *Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997), the Court noted that the *Heck* bar applies to due-process challenges that necessarily imply the invalidity of a decision. Thus, a plaintiff's "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983" unless and until the punishment itself is overturned. *Id.* at 648 (holding that *Heck* barred consideration of plaintiff's § 1983 claim that decisionmaker was biased and deprived him of good-time credits).

Mr. Burks's § 1983 action is barred by *Heck* and *Balisok*. Mr. Burks seeks relief that would necessarily imply that his current confinement is invalid. He has not alleged that the revocation of his DOSA has been held invalid. His claims are therefore not cognizable under § 1983 and should be dismissed without prejudice.

Where a *pro se* litigant's complaint fails to state a claim on which relief may be granted, the Court generally grants him the opportunity to amend the complaint. *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). However, the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect." *Id.* Here, the Court does not see how Mr. Burks could amend his complaint to surmount the *Heck* bar. Accordingly, the Court concludes that it is not required to grant Mr. Burks leave to amend.

## CONCLUSION

The Court recommends GRANTING defendant's motion to dismiss for failure to state a claim upon which relief may be granted (Dkt. 14) and DISMISSING this matter without prejudice because Mr. Burks's § 1983 action calls into question the lawfulness of his current confinement and may not, under *Heck v. Humphrey*, 512 U.S. 477 (1994), proceed unless and until his confinement is first held invalid. This dismissal constitutes a strike for the purposes of 28 U.S.C. § 1915(g). A proposed order is attached.

DATED this 26th day of November, 2010.

*James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge